FILED

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 JUL 20 P 4: 19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| VERONICA KARIUKI <br> 1027 C Margate Court <br> Sterling, VA 20164 <br><br> Plaintiff, <br><br> v. <br><br> ETEAM, INC. <br> 1001 Dorm Avenue <br> Suite #201 <br> South Plainfield, NJ 07080 <br><br> Serve on: <br> Office of the Secretary of the Commonwealth <br> Levar Stoney <br> 1111 East Broad Street, 4th Floor <br> Richmond, Virginia 23219 <br><br> Defendant. | Civil Case No.: 1:15cv934 <br> TSE/JFA |

## COMPLAINT

Plaintiff Veronica Kariuki (hereinafter "Plaintiff") files this complaint against Defendant eTeam, Inc. (hereinafter "eTeam") and states as follows:

### STATEMENT OF THE CASE, JURISDICTION AND VENUE

(1) This is a complaint to remedy discrimination based on gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

(2) The district court has federal question jurisdiction pursuant to 28 U.S.C. §2000e-5(f)(3).

(3) Plaintiff timely filed a charge of discrimination with the United States Equal

1

Employment Opportunity Commission; exhausted all administrative procedures; received a notice of right to sue dated April 21, 2015; and files this complaint within ninety (90) days of receipt thereof.

(4) Venue properly lies in the Alexandria division of the Eastern District of Virginia in that all of the discriminatory acts alleged herein occurred in the Eastern District of Virginia.

## PARTIES

(5) Plaintiff at all times material hereto was and is a resident of Sterling, in the Commonwealth of Virginia.

(6) eTeam, Inc. is an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), and employs more than 500 employees.

## STATEMENT OF FACTS

(7) eTeam, Inc. is a corporation doing business in the eastern district of the Commonwealth of Virginia and elsewhere.

(8) eTeam, Inc. provides "high-volume staffing, SOW and payrolling services to structured contingent workforce programs and projects across the U.S., Canada, and India." It also offers "contract-to-hire and direct placement." *See* eTeam, Inc., www.eteamic.com (last visited July 17, 2015).

(9) On July 31, 2013, Plaintiff received an email from Mr. Kumar Nagdev, a Technical Recruiter for eTeam, advertising an open Field Technician position with one of eTeam's clients. The email appeared to be a mass email for the purpose of seeking applicants for the job position. *See* Exhibit A.

(10) The email provided the position description, the job requirements, and stated that

2

the position, which was located in Alexandria, Virginia, was a long-term opportunity. The email also provided the qualifications for the position were "A+ Certification," "experience with replacing hardware components in desktop computers in a professional environment," and "experience with replacing hardware components in laptop computers in a professional environment." The email also clearly stated that candidates who were "qualified, available [or] interested" should contact Mr. Nagdev directly to apply.

(11) Plaintiff was well-qualified for the position, and had all of the requested qualifications.

(12) On August 5, 2013, Plaintiff applied for the position via email and provided her resume. Her resume outlined that she had all the required and requested qualifications, including:

- Bachelor of Science in Computer Science and Computer Programming;
- Currently attending the University of Maryland University College for a Master of Science in IT Management/Business Management;
- Seventeen years of relevant experience as a computer technician;
- Technical qualification including: UNIX, HP, UX, A+, IC3, C++, C, JAVA, HTML, Photoshop, Flash, Dreamwaver, Technical Service & Support for both Windows and Macintosh environments (WinXP, Vista, Win7, and Win8 operating platforms and OSX platforms); Configure iOS and Android operating system devices; Microsoft Outlook email client; Parallels, VM Ware, and other virtual environments; Manual Virus Removal Skills, Hardware/Software Repair Skills, and Data Migration Skills;
- Experience as a Software Engineer, a Technical Representative, a Supervisor for Best Buy's Geek Squad, and as the IT/Sales Manager for Staples, Inc.;

- In each of the previously mentioned job positions, Plaintiff has worked with hardware testing, hardware analysis, hardware repair, developing software, and designing websites.

*See* Exhibit B.

(13) Within minutes of submitting her application, Plaintiff received an email from Mr. Nagdev summarily rejecting her application because of her gender. Specifically the email stated: "Thanks for the email, But however we are looking for Male Candidate as this job is an Field Job." *See* Exhibit C. (emphasis in original).

(14) After receipt of this email, Plaintiff did not hear anything further from Mr. Nagdev or anyone else from eTeam.

(15) Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") against eTeam, Inc. for sex discrimination in violation of Title VII of the Civil Rights Act of 1964.

(16) On October 29, 2014, the EEOC issued a determination. The EEOC found that all requirements for coverage have been met, that eTeam is an employer within the meaning of Title VII, that timeliness, deferral and all other requirements for coverage have been met. *See* Exhibit D, EEOC Determination.

(17) The determination included the following information:

> Charging Party alleges that on July 31, 2013, she received an email from Mr. Kumar Nagdev, a Recruiter for Respondent, advertising a Field Technician position. On August 5, 2013, she applied for the position. Within minutes, she received an email from Mr. Nagdev stating that the position was only available to male candidates because it was a "field job."
>
> Respondent denies that any such e-mail was sent and questions the authenticity of the e-mail copy produced by the Charging Party. It responds that the Charging Party was not selected for submission to the client because she was

4

> overqualified and looking for a position with the possibility of advancement, whereas the advertised position was for a limited 6-12 month period.
> The records reveals that, although Respondent was unable to locate the e-mail on its server and questions the authenticity of the email, Respondent admitted that recruiters routinely delete applicant data, including email communications with applicants, on a daily basis. In addition, credible evidence demonstrates that the e-mail is authentic. Only e-mails that are actively archived by recruiters are backed up. Even when backed up, the retention period is only seven days. A search for the e-mail, therefore, would not necessarily produce the e-mail in question.

*Id.*

(18) The determination then determined:

> there is reasonable cause to believe that eTeam did not select Charging Party for submission to its client because of her sex (female), in violation of Title VII. Like and related to, and reasonably arising from the investigation contained in the charge, the evidence also shows that Respondent violated Title VII's record-keeping requirements. See 709(c) of Title VII and 29 C.F.R. Part 1602. Respondent was unable to produce applicant data for those individuals who had applied for a Field Technician position within the requested time frame. . . .

*Id.*

## **COUNT I – VIOLATION OF TITLE VII ON THE BASIS OF GENDER**

(19) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(20) By and through its conduct, Defendant eTeam, Inc. discriminated against Plaintiff based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## **COUNT II – VIOLATION OF RECORD-KEEPING REGULATIONS**

(21) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(22) By and through its conduct, Defendant eTeam, Inc. has unlawfully failed to

maintain records relevant to whether unlawful employment practices have been or are being committed, in violation of the applicable record-keeping regulations set forth in Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c).

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant eTeam, Inc. and seeks damages including back pay, front pay, and benefits, $300,000 in compensatory and punitive damages for pain and suffering and mental anguish, and other such benefits to be determined by a jury on her Title VII claim, plus interest, costs, the amount of tax on an award and reasonable attorneys' fees.

Respectfully submitted,

J. Andrew Baxter (VSB#78275)
Merritt J. Green (VSB #50995)
Connie M. Ng (VSB #85910)
Attorneys for Plaintiff
General Counsel, P.C.
6849 Old Dominion Drive, Suite 220
McLean, Virginia 22101
Tel: 703-556-0411
Fax: 1-888-222-6807
abaxter@gcpc.com
mgreen@gcpc.com
cng@gcpc.com