IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VERONICA KARIUKI, | : |
| | : |
| Plaintiff, | : |
| | : Case No. 1:15-cv-00934-TSE-JFA |
| v. | : |
| | : |
| ETEAM, INC., | : |
| | : |
| Defendant. | : |

## ANSWER

Defendant eTeam, Inc., by counsel, Carr Maloney P.C., answers Plaintiff's Complaint as follows:

1. Defendant denies the allegations in paragraph 1 of Plaintiff's Complaint.

2. Paragraph 2 of Plaintiff's Complaint is a jurisdictional allegation requiring no response. To the extent a response is required, Defendant denies same and demands strict proof thereof.

3. Defendant has not been provided with a copy of the notice of right to sue, and therefore, Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint. To the extent a response is required, Defendant denies same and demands strict proof thereof.

4. Paragraph 4 of Plaintiff's Complaint is a jurisdictional allegation requiring no response. To the extent a response is required, Defendant denies same and demands strict proof thereof.

5. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint. To the extent a response is required, Defendant denies same and demands strict proof thereof.

6. Defendant admits that it is an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(b). Defendant denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint is a jurisdictional allegation requiring no response. To the extent a response is required, Defendant does not deny that it is a corporation doing business in the eastern district of the Commonwealth of Virginia and elsewhere.

8. Defendant admits the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint. To the extent a response is required, Defendant denies same and demands strict proof thereof.

10. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint. To the extent a response is required, Defendant denies same and demands strict proof thereof.

11. Defendant denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that Plaintiff provided her resume but denies the remaining factual allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies that any such email was sent by Mr. Nagdev. Defendant lacks sufficient information to admit or deny the remaining allegations contained in paragraph 14 of

Plaintiff's Complaint. To the extent a response is required, Defendant denies same and demands strict proof thereof.

15. Defendant admits the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations in paragraph 16 of Plaintiff's Complaint solely to the extent it cites language in the determination.

17. Defendant admits the allegations in paragraph 17 of Plaintiff's Complaint solely to the extent it cites language in the determination.

18. Defendant admits the allegations in paragraph 18 of Plaintiff's Complaint solely to the extent it cites language in the determination.

19. Defendant incorporates by reference its above responses to the allegations contained in paragraphs 1-18 of Plaintiff's Complaint.

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendant incorporates by reference its above responses to the allegations contained in paragraphs 1-20 of Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendant reserves the right to raise a statute of limitations depending upon facts to be further developed in discovery.

3. Plaintiff's claims for relief are or may be barred and/or limited to the extent that the Plaintiff has failed to act reasonable to mitigate the damages allegedly sustained.

4. Any damages recovered by Plaintiff must be offset by any compensation or remuneration that the Plaintiff received or could have received during the period for which Plaintiff is seeking to recover damages.

5. All alleged acts or omissions with respect to the Plaintiff and referenced in Plaintiff's Complaint were done in good faith and were for lawful, legitimate, nondiscriminatory and nonpretextual reasons.

6. Defendant denies that the Plaintiff was subjected to any unlawful or discriminatory employment practice, but states that if such a practice is found, the same employment decision regarding the Plaintiff would have been made in the absence of any discriminatory motive.

7. Some or all of Plaintiff's claims may be barred by the equitable doctrines of waiver, estoppel, unclean hands and laches.

8. Plaintiff's Complaint is barred, in whole or in part, because Defendant's actions were taken for legitimate, nondiscriminatory, nonretaliatory and nonpretextual reasons.

9. Plaintiff cannot establish a *prima facie* claim necessary to recover under the applicable statutes.

10. Even if Plaintiff could establish a *prima facie* claim, it cannot establish that Defendant's legitimate, nondiscriminatory, and nonretaliatory reasons for its actions were a pretext for discrimination or retaliation.

11. Defendant reserves the right to plead additional affirmative defenses of which it becomes aware through formal or informal discovery.

WHEREFORE, Defendant eTeam, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice, with costs, attorney's fees and interest as provided by law assessed

against the Plaintiff, and that Defendant be granted such other and further relief as this Honorable Court deems just and proper.

                                          ETEAM, INC.
                                          By counsel

                                          CARR MALONEY P.C.


                                          /s/ Tina M. Maiolo
                                          Tina M. Maiolo, Esquire (VSB # 40512)
                                          Carr Maloney P.C.
                                          2000 L Street, NW
                                          Suite 450
                                          Washington, DC 20036
                                          (202) 310-5500 (Telephone)
                                          (202) 310-5555 (Facsimile)
                                          tm@carrmaloney.com
                                          *Counsel for Defendant eTeam, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer was electronically filed this 24th day of August, 2015 and served electronically upon:

>J. Andrew Baxter
>Merritt J. Green
>Connie M. Ng
>General Counsel, P.C.
>6849 Old Dominion Drive, Suite 220
>McLean, Virginia 22101

>ETEAM, INC.
>By counsel

>CARR MALONEY P.C.

>/s/ Tina M. Maiolo
>Tina M. Maiolo, Esquire (VSB # 40512)
>Carr Maloney P.C.
>2000 L Street, NW
>Suite 450
>Washington, DC 20036
>(202) 310-5500 (Telephone)
>(202) 310-5555 (Facsimile)
>tm@carrmaloney.com
>*Counsel for Defendant eTeam, Inc.*