IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| VERONICA KARIUKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:15-cv-00934-TSE-JFA |
| v. | : | |
| | : | |
| ETEAM, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT ETEAM, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL**

Defendant eTeam, Inc. ("eTeam"), by counsel, Carr Maloney P.C., and pursuant to Rules

33, 34 and 37 of the Federal Rules of Civil Procedure and Local Civil Rules 7, 26, and 37,

submits this Memorandum in support of its Motion to Compel Discovery Responses from

Plaintiff Veronica Kariuki, and states as follows:

I.      **BACKGROUND**

On September 25, 2015, eTeam served its First Set of Interrogatories and Requests for

Production of Documents on Plaintiff.  *See* Exhibits 1-2 hereto.  On October 12, 2015, Plaintiff

served her objections to eTeam's Interrogatories and Document Requests.  On October 26, 2015,

Plaintiff served her responses to eTeam's Interrogatories and Document Requests.[1]  *See* Exhibits

3-4.  Plaintiff subsequently filed her Expert Witness Disclosure on November 16, 2015, in which

she identified eight expert witnesses to be called at the trial in this matter.  *See* Dkt. #12.

Upon receiving Plaintiff's responses to eTeam's discovery requests, eTeam's counsel

sent a letter to Plaintiff's counsel dated November 13, 2015 stating that Plaintiff's discovery

responses were deficient and requesting that Plaintiff provide complete responses.  *See* Exhibit 5.

---

[1] Plaintiff also produced documents responsive to *some* of eTeam's Document Requests.

On December 31, 2015, eTeam's counsel emailed Plaintiff's counsel reiterating its request that Plaintiff provide complete discovery responses. *See* Exhibit 6. On January 4, 2015, eTeam's counsel again emailed Plaintiff's counsel reiterating its request for complete discovery responses. *See id.* To date, Plaintiff has not provided complete responses to eTeam's discovery requests. Therefore, eTeam has filed this Motion to Compel and seeks the Court's assistance in resolving these disputes.

## II.     STANDARD OF REVIEW AND APPLICABLE LAW

Rule 26(b)(1) of the Federal Rule of Civil Procedure ("FRCP") states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Pursuant to FRCP 37(a)(3)(B), "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). This motion may be made if: "(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." *Id.* For purposes of FRCP 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevance at the discovery stage is viewed even more liberally than for evidentiary purposes.

"At the discovery stage of litigation, relevancy should be 'construed broadly to encompass any matter that bears on, or that reasonably could led to other matter that could bear on, any issue that is or may be in the case.'" *Fieldturf USA, Inc. v. Specialty Surfaces Int'l, Inc.*, No. 06-CV-02515, 2006 WL 3500902, at *2 (E.D. Va. Dec. 5, 2006) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Importantly, FRCP 26 directs that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2008 WL 5377934, at *2 (E.D. Va. Dec. 24, 2008) (internal quotations and citations omitted) ("The burden is on the party resisting production to show specifically how, despite the broad and liberal construction of the federal discovery rules, each interrogatory is not relevant.").

In addition, the Court has "substantial discretion in managing discovery," *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995), and "broad discretion in its choice of the type and degree of the sanctions to be imposed." *DirecTV, Inc. v. Key*, No. 3:03CV321, 2003 U.S. Dist. LEXIS 27070, at *6 (E.D. Va. Oct. 17, 2003). Pursuant to FRCP 37(b)(2), if a party fails to obey an order to provide or permit discovery, including an order under FRCP 16(b), the Court may issue further just orders, which may, *inter alia*, prohibit the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence, strike pleadings in whole or in part, or stay further proceedings until the order is obeyed. *See* Fed. R. Civ. P. 37(b)(2).

## III.     ARGUMENT

Plaintiff's discovery responses are deficient for the reasons set forth below:

**Interrogatory No. 13:** "Identify each person whom you expect to call as an expert witness at trial, the subject matter on which the expert is expected to testify, the substance of the

findings and opinions to which the expert is expected to testify, a summary of the ground for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions." *See* <u>Exhibit 1</u> at 7.

**Plaintiff's Objection and Response to Interrogatory No. 13:** "Plaintiff objects to the interrogatory on the grounds that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, none at this time. Discovery is ongoing and Plaintiff reserves the right to supplement this answer." *See* <u>Exhibit 3</u> at 7-8.

**eTeam's Reply and Basis for Compelling a Full Response:** Although Plaintiff stated in her response to this interrogatory that she had identified no expert witness to be called at the trial in this matter, Plaintiff subsequently filed her Expert Witness Disclosure on November 16, 2015, whereby she designated eight expert witnesses. *See* Dkt. #12. To date, Plaintiff has failed to supplement her response to the aforementioned interrogatory with the requested information, despite her continuing duty to do so. *See* Fed. R. Civ. P. 26(e).

Specifically, with respect to seven of her eight designated experts—*i.e.*, Dr. Sumitra Easwaran; Dr. John Lee; Dr. Rajeev Verma; Julia Isaacs; Regina McCombs; Dr. John Youk; and Dr. Sheena Abraham, *see* Dkt. #12—Plaintiff has failed to provide the substance of the findings and opinions of these experts, a summary of the ground for each opinion, the terms of the experts' compensation, a list of publications written by the experts, and any written reports made by the experts concerning their findings and opinions. Pursuant to FRCP 26(b)(4)(c), none of the requested information is protected by the attorney-client privilege or attorney work-product doctrine, and therefore, this information must be produced. *See* Fed. R. Civ. P. 26(b)(4)(c).

**Document Request No. 11:** "All documents referring or relating to any emotional, psychological or psychiatric conditions you contend you suffer from as a result of the events alleged in your Complaint." *See* <u>Exhibit 2</u> at 5.

**Plaintiff's Objection and Response to Document Request No. 11:**  "Plaintiff objects to the request on the grounds that it is not reasonably calculated to discover any admissible evidence in the present litigation.  Plaintiff objects to the request on the grounds that it is overly broad and unduly burdensome; the request fails to define the terms 'emotional,' 'psychological,' or 'psychiatric.'  Subject to and without waiving any objections, all such documents remain with Plaintiff's physicians.  Plaintiff's counsel will submit a HIPAA request.  Discovery is ongoing and Plaintiff reserves the right to supplement this answer."  *See* Exhibit 4 at 4-5.

**eTeam's Reply and Basis for Compelling a Full Response:**  To date, Plaintiff has failed

to produce all documents responsive to this request.  Plaintiff's objections to the requests are

meritless, as the request is directly relevant to the claims advanced by Plaintiff in this case,

including her claim that eTeam's actions "contributed significantly to [her] depression."  *See*

Exhibit 5 at 10.  Moreover, the request is not vague, as it is clear that it encompasses documents

relating to Plaintiff's alleged depression.  Therefore, eTeam submits that, applying the broad

definition of relevance applicable in the discovery stage, the requested information is "calculated to

lead to the discovery of admissible evidence" and must be produced.

**Document Request No. 12:**  "All medical records and bills relating to any medical treatment that you have received which you allege was necessary to the actions of Defendant or its agents.  With respect to any medical records or bills which are in existence but not in your physical possession, Defendant requests that you execute an authorization form, (a copy of which is attached) for each doctor or hospital where said records exist, to allow Defendant to obtain copies of these records."  *See* Exhibit 2 at 5.

**Plaintiff's Objection and Response to Document Request No. 12:**  "Plaintiff objects to the request on the grounds that it is not reasonably calculated to discover any admissible evidence in the present litigation.  Plaintiff objects to the request to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges.  Subject to and without waiving any objections, all such documents remain with Plaintiff's physicians.  Plaintiff's counsel will submit a HIPPA request.  Discovery is ongoing and Plaintiff reserves the right to supplement this answer."  *See* Exhibit 4 at 5.

**eTeam's Reply and Basis for Compelling a Full Response:**  To date, Plaintiff has failed

to produce all documents responsive to this request.  With regard to Plaintiff's objection based on

privilege, such an objection is baseless, as FRCP 26(b) provides that the requested information is

not subject to the attorney-client privilege.  *See* Fed. R. Civ. P. 26(b)(4)(C)(ii) ("RCFC 26(b)(3)(A)

and (B) protect communications between the party's attorney and any witness required to provide a report under RCFC 26(a)(2)(B) … *except* to the extent that that the communications … identify facts or data that the party's attorney provided and that the *expert considered in forming the opinions to be expressed*[.]") (emphasis added); *see also* Dkt. #12 (stating that many of Plaintiff's experts' testimony will be based on their "review of the Plaintiff's medical reports and bills").

Moreover, it is astonishing that, in a case where Plaintiff seeks $100,000 in medical bills, *see* Dkt. #15, and designates various experts to opine on the medical treatment Plaintiff allegedly received as a result of eTeam's actions based on their review of Plaintiff's medical records and bills, *see* Dkt. #12, Plaintiff could feasibly object that the requested medical records and bills are not reasonably calculated to lead to the discovery of admissible evidence. As contended above, these requests are directly relevant to Plaintiff's claimed injuries and damages in this case. In order for eTeam to evaluate the veracity of Plaintiff's claims and the accuracy of the contentions of Plaintiff's experts, eTeam is entitled to examine the requested medical records and bills. Again, applying the broad definition of relevance applicable in the discovery stage, the requested information is "calculated to lead to the discovery of admissible evidence" and must be produced.

**Document Request No. 14:** "All documents reflecting efforts you have made to gain employment since August 5, 2013." *See* Exhibit 2 at 5.

**Plaintiff's Response to Document Request No. 14:** "Plaintiff applied to jobs through Indeed.com and Monster.com with her resume. Discovery is ongoing and Plaintiff reserves the right to supplement this answer." *See* Exhibit 4 at 6.

**eTeam's Reply and Basis for Compelling a Full Response:** To date, Plaintiff has failed to produce all documents responsive to this request, despite indications that additional responsive documents exist. *See* Exhibit 7. If any additional responsive documents to this request exist, such documents are relevant and should be produced.

**Document Request No. 18:** "Copies of all resumes and reports, opinions, and conclusions of expert witnesses who you intend to call to testify at the trial in this matter or whom you have consulted in connection with this matter." *See* <u>Exhibit 2</u> at 7.

**Plaintiff's Response to Document Request No. 18:** "None at this time. Discovery is ongoing and Plaintiff reserves the right to supplement this answer." *See* <u>Exhibit 4</u> at 7.

**eTeam's Reply and Basis for Compelling a Full Response:** As previously discussed, after serving her discovery responses, Plaintiff filed her Expert Witness Disclosure, in which she identified eight expert witnesses to be called at the trial in this matter. *See* Dkt. #12. The report of only one of Plaintiff's eight experts (Joseph Migliozzi) accompanied her disclosure. *See id.* To date, Plaintiff has failed to supplement her response to this Document Request with the requested information for seven of her eight expert witnesses,[2] despite her continuing duty to do so. *See* Fed. R. Civ. P. 26(e). Therefore, Plaintiff should be compelled to produce this information.

**Document Request No. 19:** "Copies of all documents that you or your counsel have sent to or received from any expert witnesses whom you intend to call to testify at the trial in this matter." *See* <u>Exhibit 2</u> at 6.

**Plaintiff's Objection and Response to Document Request No. 19:** "Plaintiff objects to the request to the extent that it seeks to discovery any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, none at this time. Discovery is ongoing and Plaintiff reserves the right to supplement this answer." *See* <u>Exhibit 4</u> at 7.

**eTeam's Reply and Basis for Compelling a Full Response:** To date, Plaintiff has failed to produce documents responsive to this request, despite the fact that she has designated eight expert witnesses in this matter, all of whom are expected to testify based on their review of certain documents (including Plaintiff's medical reports and bills). *See* Dkt. #12. Moreover, as previously discussed, the requested documents are relevant as they directly relate to Plaintiff's claims in this case, and are not privileged. *See* Fed. R. Civ. P. 26(b)(4)(C)(ii) ("RCFC 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report

---

[2] Plaintiff has failed to produce the written reports for the following designated experts: Dr. Sumitra Easwaran; Dr. John Lee; Dr. Rajeev Verma; Julia Isaacs; Regina McCombs; Dr. John Youk; and Dr. Sheena Abraham.

under RCFC 26(a)(2)(B) … *except* to the extent that that the communications … identify facts or data that the party's attorney provided and that the *expert considered in forming the opinions to be expressed*[.]") (emphasis added); *see also* Dkt. #12 (stating that many of Plaintiff's experts' testimony will be based on their "review of the Plaintiff's medical reports and bills"). Therefore, Plaintiff should be compelled to produce information/documentation responsive to this request.

## IV.   CONCLUSION

For the foregoing reasons, Defendant eTeam, Inc. respectfully requests that the Court grant this Motion and enter an Order: (1) compelling Plaintiff to answer all of eTeam's Interrogatories fully and completely; and (3) compelling Plaintiff to produce all documents that are responsive to eTeam's First Set of Interrogatories and Requests for Production of Documents.

ETEAM, INC.
By counsel

CARR MALONEY P.C.


/s/ Tina M. Maiolo
Tina M. Maiolo, Esquire (VSB # 40512)
Carr Maloney P.C.
2020 K Street, NW
Suite 850
Washington, DC 20006
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
tm@carrmaloney.com
*Counsel for Defendant eTeam, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **_Defendant eTeam, Inc.'s_** **_Memorandum in Support of Its Motion to Compel_** was electronically filed this 8th day of January, 2016 and served electronically upon:

> J. Andrew Baxter
> Merritt J. Green
> Connie M. Ng
> General Counsel, P.C.
> 6849 Old Dominion Drive, Suite 220
> McLean, Virginia 22101

/s/ Tina M. Maiolo
Tina M. Maiolo