IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VERONICA KARIUKI,

        Plaintiff,

        v.

ETEAM, INC.,

        Defendant.

        Case No. 1:15-cv-00934-TSE-JFA

**DEFENDANT ETEAM, INC.'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF VERONICA KARIUKI**

**TO:**      Veronica Kariuki
c/o Andrew Baxter, Esquire
General Counsel, P.C.
6840 Old Dominion Drive, Suite 220
McLean, Virginia 22101

**FROM:**   eTeam, Inc.
c/o Tina Maiolo, Esquire
Carr Maloney P.C.
2000 L Street, N.W., Suite 450
Washington, D.C.  20036

Defendant eTeam, Inc., by counsel, Carr Maloney P.C., and pursuant to Rule 33 of the

Federal Rules of Civil Procedure, propounds the following Interrogatories upon Plaintiff

Veronica Kariuki, to be answered within thirty (30) days of their issuance.

**DEFINITIONS AND INSTRUCTIONS**

1.     "You," "your," "Plaintiff," or "Veronica Kariuki" refer to Veronica Kariuki.

2.     "eTeam," "eTeam, Inc." or "Defendant" refer to eTeam, Inc.

3.     "Document" shall be interpreted broadly to include the original and all copies, non-

identical copies, translations and drafts whether used, circulated, published or not, of any

information in any written, recorded, electronic or graphic form, including all memoranda of oral



EXHIBIT
1

conversations, as well as all compilations and summaries of information or data, whether typed, handwritten, printed, recorded, or otherwise produced or reproduced, and shall include but is not limited to any photocopies or other reproduction thereof. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers (any such data is to be produced in a reasonably legible and usable form). The term "document" further means any tape or audible recording, any photograph or motion picture or videotape, and any non-identical copy thereof, either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise.

4.      "Communication" means any writing or any oral conversation of any kind or character, including personal conversations, telephone conversations, letters, meetings, memoranda, notations, telegraphic telex e-mail and/or electronic communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

5.      "Person" includes both the singular and plural and means any natural person, business entity, club, association, institute, society, office, organization, and any governmental or administrative entity or department, agency, bureau or political subdivision thereof.

6.      "Persons with knowledge of the facts" means any person, including, but not limited to, persons in your employ who, at any point in time, relevant to these proceedings, had any involvement with the subject matter of the interrogatory.

7.      "All related documents" means any document that refers to, relates to, addresses, or reflects the subject matter of the interrogatory.

8.      To the extent that any documents produced in response to any of these interrogatories are produced as they are maintained in the usual course of business, rather than organized and labeled to correspond to specific requests, you are also requested to produce all file

2

folder labels or file folder covers pertaining to those documents in the order in which such file folder labels or covers appear in the usual course of business.

9.      To the extent that in response to any of the following interrogatories you would identify and/or produce documents but you no longer possess or control such documents, provide a description (including document date, author, recipient, document type and subject matter) of such documents and identify who currently possesses or controls such documents.

10.     When documents, data, knowledge, or information in the possession of a party is requested, such request includes knowledge of the party's attorneys, agents, representatives, predecessors in interest, successors, subsidiaries, parent entities, experts, persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this case, and includes, unless privileged, the party's attorney.

11.     If you object to any interrogatory or part thereof on the basis of the attorney-client privilege, work-product privilege, or any other applicable privilege, identify the privilege claimed, as well as each statement or communication for which such privilege is claimed, together with the following information with respect to each such statement or communication:  (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; and (e) the basis on which the privilege is claimed.

12.     Each interrogatory listed herein shall be continuing in nature and shall be supplemented to include any additional information, knowledge, or data responsive to these interrogatories which is later discovered by Plaintiff or her agents.

13.     The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

14.     The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  State your name, age, date of birth, current address and all previous addresses for the past five years.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify each person supplying information to assist you in responding to these interrogatories, including a description of the information supplied by each such person.

**ANSWER:**

**INTERROGATORY NO. 3:**  Identify all persons who have knowledge of the facts supporting the claims or defenses which you assert in this case, including the address and telephone number of each such person, and a description of the facts to which you believe each such person has knowledge.

**ANSWER:**

**INTERROGATORY NO. 4:**  Identify each person whom you expect or intend to call as a witness at the trial of this matter.  For each person identified, please identify the individual's name, residence and business address, phone number and the substance of his or her expected testimony.

**ANSWER:**

**INTERROGATORY NO. 5:** Describe specifically all damages that you are seeking to recover in this action, including in your answer each type of damage you are seeking (e.g., front pay, back pay, punitive damages), and the dollar amount you are seeking for each such type of damage claim.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify all persons from whom you have taken formal or informal statements concerning this case, including the name, address, and telephone number of each such person and the date(s) on which the statements were taken.

**ANSWER:**

**INTERROGATORY NO. 7:** State whether you intend to rely on any alleged admission made by the Defendant or any of its agents in this action and if so, identify the person making the alleged admission, the person(s) to whom the alleged admission was made, and the date and substance of the alleged admission.

**ANSWER:**

**INTERROGATORY NO. 8:** State whether you have ever been convicted of a crime, and if so, state the nature of the crime for which you were convicted, and the date and jurisdiction of the conviction.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all other legal actions before a court or administrative body, either as a plaintiff, defendant, or other party to the action, in which you have been

involved (other than the Complaint in the present action) over the last 10 years, including in your answer the name and jurisdiction of the court, administrative agency, or other authority to which the complaint was made, the docket or other identification number assigned to the complaint, a description of the facts precipitating the complaint and its ultimate resolution.

**ANSWER:**


**INTERROGATORY NO. 10:**  Provide your educational history including all schools attended, dates of attendance, and degrees received.

**ANSWER:**


**INTERROGATORY NO. 11:**   Provide your employment history from the age of 18 to the present, including in your answer the name, address and telephone number of each employer, the address where you worked, the name of your immediate supervisor, the dates of your employment, your job duties and responsibilities, your salary or rate of pay, and unless you continue to be employed by the employer, your reason for leaving.

**ANSWER:**


**INTERROGATORY NO. 12:**  Describe specifically all efforts you have made to find employment since August 5, 2013, including in your answer the names and addresses of all individuals you have contacted regarding potential employment, the dates you contacted the individual(s) regarding potential employment, and a list of all documents that you have exchanged with these individuals. If you have not sought additional employment since August 5, 2013, please explain why.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify each person whom you expect to call as an expert witness at trial, the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, a summary of the ground for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**ANSWER:**

**INTERROGATORY NO. 14:** State all facts and identify all documents that support your contention, as set forth in Paragraph 12 of your Complaint, that you were well-qualified for the Field Technician position advertised by Defendant in or about July 2013.

**ANSWER:**

**INTERROGATORY NO. 15:** State all facts and identify all documents that support your contention that Defendant discriminated against you based on your gender.

**ANSWER:**

**INTERROGATORY NO. 16:** State all facts and identify all documents that support your contention that Defendant unlawfully failed to maintain records relevant to whether unlawful employment practices have been or are being committed.

**ANSWER:**

**INTERROGATORY NO. 17:**   Describe in full and complete detail all emotional or mental injuries, ailments, pains, or illnesses that you claim to have suffered as a result of the alleged incidents described in the Complaint, stating the parts of your body or mind so affected, the severity of each such alleged injury, ailment or pain, how long each has lasted, and any treatment you have sought and/or received, including the dates of the treatment and the identity of each professional or practitioner who provided said treatment.   As part of this response, indicate whether you are subject to any liens, including but not limited to Medicaid or Medicare liens, as a result of the treatment sought and received because of your alleged injuries.

**ANSWER:**

**INTERROGATORY NO. 18:**   Describe specifically all communications you had with any representatives of Defendant regarding your application for employment with Defendant, including in your answer the names of each representative with which you had such communication(s), the date of each communication, and the substance of each communication.

**ANSWER:**

**INTERROGATORY NO. 19:**  If you intend to rely upon any documents or other tangible items to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible items, and identify all persons having possession, custody or control of them.

**ANSWER:**

8

**INTERROGATORY NO. 20:** To the extent not covered by your answers to the preceding Interrogatories, please state precisely and in detail all facts that support each element of your claims against Defendant and your claimed damages in lawsuit.

**ANSWER:**

        Respectfully submitted,

        CARR MALONEY P.C.


        /s/ Tina M. Maiolo
        Tina M. Maiolo, Esquire (VSB # 40512)
        Carr Maloney P.C.
        2000 L Street, NW
        Suite 450
        Washington, DC 20036
        (202) 310-5500 (Telephone)
        (202) 310-5555 (Facsimile)
        tm@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Defendant eTeam, Inc.'s First Set of Interrogatories to Plaintiff Veronica Kariuki* was mailed, postage prepaid, this 25th day of September, 2015 to:

> J. Andrew Baxter
> Merritt J. Green
> Connie M. Ng
> General Counsel, P.C.
> 6849 Old Dominion Drive, Suite 220
> McLean, Virginia 22101

<br>

> /s/ Tina M. Maiolo
> Tina M. Maiolo