IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VERONICA KARIUKI,                    :
                                     :
            Plaintiff,               :
                                     :
      v.                             :       Case No. 1:15-cv-00934-TSE-JFA
                                     :
ETEAM, INC.,                         :
                                     :
            Defendant.               :

## DEFENDANT ETEAM, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF VERONICA KARIUKI

**TO:**      Veronica Kariuki
             c/o Andrew Baxter, Esquire
             General Counsel, P.C.
             6840 Old Dominion Drive, Suite 220
             McLean, Virginia 22101

**FROM:**    eTeam, Inc.
             c/o Tina Maiolo, Esquire
             Carr Maloney P.C.
             2000 L Street, N.W., Suite 450
             Washington, D.C.  20036

Defendant eTeam, Inc., by counsel, Carr Maloney P.C., and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Plaintiff produce copies or produce and permit Defendant to inspect and copy on the thirtieth (30) day after service of this request, except compliance with this request may be made by mailing copies of such documents to the Defendant's attorney's office within thirty (30) days of this request.

### DEFINITIONS AND INSTRUCTIONS

1.      "You," "your," "Plaintiff," or "Veronica Kariuki" refer to Veronica Kariuki.

2.      "eTeam," "eTeam, Inc." or "Defendant" refer to eTeam, Inc.

EXHIBIT

2

3.     "Document" means the original and all copies, non-identical copies, translations and drafts whether used, circulated, published or not, of any information in any written, recorded, electronic, or graphic form, including all memoranda of oral conversations, as well as all compilations and summaries of information or data, whether typed, handwritten, printed, recorded, or otherwise produced or reproduced, and shall include but is not limited to any photocopies or other reproduction thereof. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers (any such data is to be produced in a reasonably legible and usable form).  The term "document" further means any tape or audible recording, any photograph or motion picture or videotape, and any non-identical copy thereof, either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise.

4.     "Communication" means any writing or any oral conversation of any kind or character, including personal conversations, telephone conversations, letters, meetings, memoranda, notations, telegraphic telex e-mail and/or electronic communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

5.     "Person" includes both the singular and plural and means any natural person, business entity, club, association, institute, society, office, organization, and any governmental or administrative entity or department, agency, bureau or political subdivision thereof.

6.     "Persons with knowledge of the facts" means any person, including, but not limited to, persons in your employ who, at any point in time, relevant to these proceedings, had any involvement with the subject matter of the interrogatory.

7.     "All related documents" means any document that refers to, relates to, addresses, or reflects the subject matter of the interrogatory.

2

8.     To the extent that any documents produced in response to any of these requests are produced as they are maintained in the usual course of business, rather than organized and labeled to correspond to specific requests, you are also requested to produce all file folder labels or file folder covers pertaining to those documents in the order in which such file folder labels or covers appear in the usual course of business.

9.     To the extent that in response to any of the following requests you would identify and/or produce documents but you no longer possess or control such documents, provide a description (including document date, author, recipient, document type and subject matter) of such documents and identify who currently possesses or controls such documents.

10.     When documents, data, knowledge, or information in the possession of a party is requested, such request includes knowledge of the party's attorneys, agents, representatives, predecessors in interest, successors, subsidiaries, parent entities, experts, persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this case, and includes, unless privileged, the party's attorney.

11.     If you object to any request or part thereof on the basis of the attorney-client privilege, work-product privilege, or any other applicable privilege, identify the privilege claimed, as well as each statement or communication for which such privilege is claimed, together with the following information with respect to each such statement or communication:  (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; and (e) the basis on which the privilege is claimed.

12.     Each request listed herein shall be continuing in nature and shall be supplemented to include any additional information, knowledge, or data responsive to these interrogatories which is later discovered by defendant or its agents.

3

13.     To the extent that any of the electronically stored information sought in these requests has been deleted or destroyed, the response should set forth the date in which the information was deleted or destroyed, and a specific description of how the information was deleted or destroyed.

14.     Electronically stored information responsive to these requests should be produced in both a hard copy format and a native electronic format.

15.     The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

16.     The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents identified or referenced in, or that otherwise support, your Answers to Interrogatories.

**REQUEST NO. 2:** All statements you or your attorneys have taken concerning or relating to the events described in your Complaint or the subject matter of this action.

**REQUEST NO. 3:** All documents that you intend to introduce at the trial for this matter.

**REQUEST NO. 4:** All written reports or complaints of discrimination, if any, that you have made.

**REQUEST NO. 5:** Any notes or documents of any kind that you created concerning or relating to the events described in your Complaint.

**REQUEST NO. 6:** All documents to support your contention that you were well-qualified for the Field Technician position advertised by Defendant in or about July 2013.

**REQUEST NO. 7:** All documents to support your contention that Defendant discriminated against you based on your gender.

**REQUEST NO. 8:**  All documents to support your contention that Defendant unlawfully failed to maintain records relevant to whether unlawful employment practices have been or are being committed.

**REQUEST NO. 9:**  All photographs, videos, voice recordings and/or electronic recordings of any kind concerning or relating to the events described in your Complaint.

**REQUEST NO. 10:**  All documents not specifically called for above which refer, relate to, or support your claim for monetary damages in this matter.

**REQUEST NO. 11:**  All documents referring or relating to any emotional, psychological or psychiatric conditions you contend you suffer from as a result of the events alleged in your Complaint.

**REQUEST NO. 12:**  All medical records and bills relating to any medical treatment that you have received which you allege was necessary to the actions of Defendant or its agents.  With respect to any medical records or bills which are in existence but not in your physical possession, Defendant requests that you execute an authorization form, (a copy of which is attached) for each doctor or hospital where said records exist, to allow Defendant to obtain copies of these records.

**REQUEST NO. 13:**  All personnel and employment records in any way related to your employment for the previous ten years.

**REQUEST NO. 14:**  All documents reflecting efforts you have made to gain employment since August 5, 2013.

**REQUEST NO. 15:**  All written correspondence between you and any representatives of Defendant.

**REQUEST NO. 16:**  All documents referring or relating to your application for the Field Technician position with Defendant.

**REQUEST NO. 17:**  All federal and state income tax returns that you have filed for the previous five years.

**REQUEST NO. 18:**  Copies of all resumes and reports, opinions, and conclusions of expert witnesses who you intend to call to testify at the trial in this matter or whom you have consulted in connection with this matter.

**REQUEST NO. 19:**  Copies of all documents that you or your counsel have sent to or received from any expert witnesses whom you intend to call to testify at the trial in this matter.

Respectfully submitted,

CARR MALONEY P.C.


/s/ Tina M. Maiolo
Tina M. Maiolo, Esquire (VSB # 40512)
Carr Maloney P.C.
2000 L Street, NW
Suite 450
Washington, DC 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
tm@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Defendant eTeam, Inc.'s First Requests for Production of Documents to Plaintiff Veronica Kariuki* was mailed, postage prepaid, this 25th day of September, 2015 to:

> J. Andrew Baxter
> Merritt J. Green
> Connie M. Ng
> General Counsel, P.C.
> 6849 Old Dominion Drive, Suite 220
> McLean, Virginia 22101

> /s/ Tina M. Maiolo
> Tina M. Maiolo

## Authorization to Disclose Protected Health Information

_____
_____
_____
_____
_____

Patient:
Date of Birth:
SSN:

By my signature, I authorize the healthcare provider noted above to release a copy and permit inspection, copying, testing, and/or sampling of my entire medical record in its possession, custody, or control to any employee or attorney of the law firm of Carr Maloney P.C. I realize that this complete patient file contains information about my health that is protected and confidential under federal law pursuant to the Privacy Rule regulation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

Consistent with the law, I hereby waive any rights that I have related to the use or disclosure of this information as to Carr Maloney P.C. and as to any party and their counsel regarding any claim that I have made or may make. The information released may be used as evidence regarding any claim that I have made or may make, as long as it is consistent with the applicable rules of court.

I recognize that the records I am authorizing this healthcare provider to release may contain individually identifiable health information. This information may regard: treatment by additional healthcare providers; chronic and/or communicable diseases; behavioral health conditions; alcohol and/or drug use; genetic markers; the provision of my healthcare; the past, present, or future payment for the provision of my healthcare; and my past, present, or future physical or mental health or condition.

This authorization is for the release of either:

☐ Psychotherapy and/or psychiatric care notes and records

and

☐ All other medical, hospital, pharmaceutical, dental, treatment, laboratory, pathology, and billing records including, but not limited to, writings, drawings, graphs, charts, photographs, sound and/or video recordings, images, prescriptions, pathology material, and other data or data compilations stored in any medium from which information can be obtained either directly or in a reasonably usable form.

**Authorization to Disclose Protected Health Information**
**(Continued)**

   Pursuant to HIPAA, I have been notified of the following:  I may revoke this authorization by providing the healthcare provider with a revocation in writing, except to the extent that the healthcare provider has taken action in reliance on this authorization; my healthcare provider may not condition treatment, payment, enrollment, or eligibility for benefits on whether I sign this authorization; and the records disclosed may no longer be protected and may be subject to re-disclosure to others by Carr Maloney P.C.


_____   _____
Signature of Patient or Personal Representative*   Date

This authorization expires one year from the date of signature and a photocopy or facsimile shall have the same effect as the original.

*Personal Representative's explanation of authority to sign on behalf of the Patient:

_____