IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VERONICA KARIUKI )
)
    Plaintiff, )
)
                        Civil Case No.: 1:15-cv-00934-TSE-JFA
v. )
)
ETEAM, INC. )
)
)
    Defendant. )
)

## PLAINTIFF VERONICA KARIUKI'S ANSWERS TO DEFENDANT ETEAM, INC.'S FIRST SET OF INTERROGATORIES

Now comes Plaintiff Veronica Kariuki ("Kariuki"), by counsel, and states the following

answers to Defendant eTeam, Inc.'s first set of interrogatories as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1: State your name, age, date of birth, current address and all**

**previous addresses for the past five years.**

**ANSWER:** Veronica Kariuki; 43 years of age; date of birth: May 23, 1972; current address: 1027

C. Margate Court, Sterling, VA 20169.

**INTERROGATORY NO. 2: Identify each person supplying information to assist you in**

**responding to these interrogatories, including a description of the information supplied by**

**each such person.**

**ANSWER:** Plaintiff objects to the interrogatory on the grounds that it is overly broad and unduly

burdensome; the interrogatory fails to define the term "information." Plaintiff objects to the

1



interrogatory on the grounds that it is protected by the attorney-client or attorney-work-product privileges. Plaintiff objects to the interrogatory on the grounds that it is not reasonably calculated to discover any admissible evidence in the present litigation. Subject to and without waiving said objections, no one has supplied Plaintiff with information to assist her in responding to these interrogatories. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 3: Identify all persons who have knowledge of the facts supporting the claims or defenses which you assert in this case, including the address and telephone number of each such person, and a description of the facts to which you believe each such person has knowledge.**

**ANSWER:** Plaintiff Veronica Kariuki and Mr. Kumar Nagdev. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 4: Identify each person whom you expect or intend to call as a witness at the trial of this matter. For each person identified, please identify the individual's name, residence and business address, phone number and the substance of his or her expected testimony.**

**ANSWER:** Plaintiff objects to the interrogatory to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, Plaintiff Veronica Kariuki and Mr. Kumar Nagdev. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

2

**INTERROGATORY NO. 5: Describe specifically all damages that you are seeking to recover in this action, including in your answer each type of damage you are seeking (e.g., front pay, back pay, punitive damages), and the dollar amount you are seeking for each such type of damage claim.**

**ANSWER:** Plaintiff seeks to recover $20,000 in front pay, $80,000 in back pay, $150,000 in punitive damages, and $50,000 in attorneys' fees and court courts. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 6: Identify all persons from whom you have taken formal or informal statements concerning this case, including the name, address, and telephone number of each such person and the date(s) on which the statements were taken.**

**ANSWER:** Plaintiff objects to the interrogatory on the grounds that it is overly broad and unduly burdensome; the interrogatory fails to define the terms "formal" and "informal" in a manner that meaningfully directs the scope of Plaintiff's response. Plaintiff objects to the interrogatory to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objection, none at this time. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 7: State whether you intend to rely on any alleged admission made by the Defendant or any of its agents in this action and if so, identify the person making the alleged admission, the person(s) to whom the alleged admission was made, and the date and substance of the alleged admission.**

**ANSWER:** Plaintiff objects to the interrogatory on the grounds that it is overly broad and unduly burdensome; the interrogatory fails to define the term "admission" in a manner that meaningfully directs the scope of Plaintiff's response. Plaintiff objects to the interrogatory to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, Plaintiff intends to rely on the email correspondence she received on August 5, 2013 from eTeam, Inc.'s recruiter, Kumar Nagdev, who stated in response to her job application submittal: "Thanks for the email, But however we are looking for Male Candidate as this is an Field Job." Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 8: State whether you have ever been convicted of a crime, and if so, state the nature of the crime for which you were convicted, and the date and jurisdiction of the conviction.**

**ANSWER:** Plaintiff objects to the interrogatory on the grounds that it is not reasonably calculated to discover any admissible evidence in the present litigation. Plaintiff objects to the interrogatory on the grounds that it is overly broad and unduly burdensome; the interrogatory fails to define the term "crime" in a manner that meaningfully directs the scope of Plaintiff's response. Plaintiff objects to the interrogatory to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, never. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 9: Identify all other legal actions before a court or administrative body, either as a plaintiff, defendant, or other party to the action, in which you have been**

involved (other than the Complaint in the present action) over the last 10 years, including in your answer the name and jurisdiction of the court, administrative agency, or other authority to which the complaint was made, the docket or other identification number assigned to the complaint, a description of the facts precipitating the complaint and its ultimate resolution.

**ANSWER:** Plaintiff objects to the interrogatory on the grounds that it is not reasonably calculated to discover any admissible evidence in the present litigation. Plaintiff objects to the interrogatory on the grounds that it is overly broad and unduly burdensome; the interrogatory fails to define the term "legal actions" in a manner that meaningfully directs the scope of Plaintiff's response. Plaintiff objects to the interrogatory to the extent that it is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, Plaintiff received a divorce in 2007-2008. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 10: Provide your educational history including all schools attended, dates of attendance, and degrees received.**

**ANSWER:** Plaintiff objects to the interrogatory on the grounds that it is not reasonably calculated to discover any admissible evidence in the present litigation. Plaintiff objects to the interrogatory on the grounds that it is overly broad and unduly burdensome; the interrogatory fails to limit the time period of the education history. Subject to and without waiving said objections, Morgan State University from 1991 – 1996, received a Bachelor in Science in Computer Science; University of Maryland, University College from 2006 – 2006, received a Master of Science in IT Management/Business Management. Additionally, please see Resume attached onto Responses to

Defendant's Requests for Production of Documents. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 11: Provide your employment history from the age of 18 to the present, including in your answer the name, address and telephone number of each employer, the address where you worked, the name of your immediate supervisor, the dates of your employment, your job duties and responsibilities, your salary or rate of pay, and unless you continue to be employed by the employer, your reason for leaving.**

**ANSWER:** Plaintiff objects to the interrogatory on the grounds that it is not reasonably calculated to discover any admissible evidence in the present litigation. Subject to and without waiving said objections, please see Resume attached onto Responses to Defendant's Requests for Production of Documents. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 12: Describe specifically all efforts you have made to find employment since August 5, 2013, including in your answer the names and addresses of all individuals you have contacted regarding potential employment, the dates you contacted the individual(s) regarding potential employment, and a list of all documents that you have exchanged with these individuals. If you have not sought additional employment since August 5, 2013, please explain why.**

**ANSWER:** Plaintiff objects to the interrogatory on the grounds that it is not reasonably calculated to discover any admissible evidence in the present litigation. Subject to and without waiving said objections, Plaintiff has provided her resume and applied to the following jobs through Indeed.com and Monster.com: (1) Fortitude Systems – contacted Barry Goepfert; (2) Sunrise Systems, Inc. –

6

contacted Ray Santos; (3) Washington Radiology Associates; (4) Service Center Operations Service Center Manager (anonymous job posting); (5) ProvatoHR – contacted Jon Nuckles; (5) Weichert Realtors – contacted Daryl Leifer; (6) Berean Group International Inc. – contacted Paul Hansford; (7) Compugain – contacted Lindsay Markell; (8) Bank of America – contacted Janet Keaveny; (9) Berman Larson Kane; (10) Spin Systems, Inc. – contacted Jay Perkins; (11) The Spark Team – contacted Stephanie; (12) H3 Technologies – contacted N Kabir; (13) Target Corporation – contacted Lindsay Lee; (14) Metro Systems, Inc. – contacted Kaitlin May; (15) TruGreen – contacted Jay Parnis; (16) MarketSource – contacted Teondra Gallashaw; (17) Mondo – contacted Tyler Anderson; (18) Data Center/Network Tech; (19) Job Posting for P/T Sales Manager; (20) Job Posting for Real Estate Sales Assistant; (21) Job Posting for Operations Support Associate; (22) Experis – contacted Elizabeth Campbell; (23) Multivision Inc. – contacted Tamer Rifai; (24) USH Advisors – contacted James Blumberg; (25) Job Posting for Data Entry Part Time; (26) Genie Technologies, LLC – contacted Henry Fawaz; (27) MarketSource – contacted Anna McDonald; (28) Deacon Recruiting/ESA Retail – contacted Darla Stewart; (28) Lancesoft – contacted Abhijeet Pathak; (29) Zolon Tech Solutions, Inc. – contacted Ricky Shaik. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 13: Identify each person whom you expect to call as an expert witness at trial, the subject matter on which the expert is expected to testify, a summary of the ground for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of**

publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**ANSWER:** Plaintiff objects to the interrogatory to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, none at this time. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 14: State all facts and identify all documents that support your contention, as set forth in Paragraph 12 of your Complaint, that you were well-qualified for the Field Technician position advertised by Defendant in or about July 2013.**

**ANSWER:** Plaintiff has the requisite education for the position. She has a Bachelor in Science in Computer Science and a Master of Science in IT Management/Business Management. In addition, she has the requisite experience for the position. She has a number of awards and certifications: IC3 Certiport Computing Skills; Society for the Advancement of Computer Science Award; NASA High Performance Supercomputing SI Scholarship; and the Gladys M. Finney Scholarship. She has experience as a Software Engineer with Lockheed Martin, a Technical Representative with Verizon Wireless; Geek Squad Technician and Manager/Supervisor of Best Buy's Geek Squad; and as an Assistant Manager with Staples, Inc. (where she performed on-site technical repair services in client homes and offices; installed and replaced computer hardware and software for PCs and Mac computer systems; performed data backups and data transfer services; and created trouble tickets via OMS system to manage client service issues in a FIFO manner as well as to update, track, resolve and complete tickets effectively). Additionally, please see Resume attached

onto Responses to Defendant's Requests for Production of Documents. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 15: State all facts and identify all documents that support your contention that Defendant discriminated against you based on your gender.**

**ANSWER:** On August 5, 2013, within minutes of submitting her job application to eTeam, Inc., she received an email from eTeam, Inc.'s recruiter, Kumar Nagdev, who stated: "Thanks for the email, But however we are looking for Male Candidate as this is an Field Job." Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 16: State all facts and identify all documents that support your contention that Defendant unlawfully failed to maintain records relevant to whether unlawful employment practices have been or are being committed.**

**ANSWER:** Plaintiff objects to the interrogatory to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Defendant advised the EEOC that the email from Kumar Nagdev did not exist. During a telephone conference between eTeam, the Plaintiff, and the EEOC, the Plaintiff pulled up a copy of the email with the metadata. The EEOC conducted a thorough investigation and determined that the email was a true and correct copy and that the email was in fact sent by Kumar Nagdev on behalf of eTeam, Inc. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 17: Describe in full and complete detail all emotional or mental injuries, ailments, pains, or illnesses that you claim to have suffered as a result of the alleged**

incidents described in the Complaint, stating the parts of your body or mind so affected, the severity of each such alleged injury, ailment or pain, how long each has lasted, and any treatment you have sought and/or received, including the dates of the treatment and the identify of each professional or practitioner who provided said treatment. As part of this response, indicate whether you are subject to any liens, including but not limited to Medicaid or Medicare liens, as a result of the treatment sought and received because of your alleged injuries.

ANSWER: As a result of Defendant's unlawful gender discrimination, Plaintiff's health team at Kaiser Permanente determined that eTeam's actions contributed significantly to Plaintiff's depression. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 18: Describe specifically all communications you had with any representatives of Defendant regarding your application for employment with Defendant, including in your answer the names of each representative with which you had such communication(s), the date of each communication, and the substance of each communication.**

ANSWER: On July 31, 2013, Plaintiff received an email from Kumar Nagdev, a Technical Recruiter for eTeam, advertising an open Field Technician position with one of eTeam's clients. The email included the position description, the job requirements, and also provided the qualifications for the position were "A+ Certification," "experience with replacing hardware components in desktop computers in a professional environment," and "experience with replacing hardware components in laptop computers in a professional environment." The email also requested all applicants to contact Mr. Nagdev directly to apply. On August 5, 2013, Plaintiff

10

applied for the position via email and provided her resume. Within minutes of submitting her application, Plaintiff received an email from Mr. Nagdev rejecting her application because of her gender. The email specifically stated: "Thanks for the email, But however we are looking for Male Candidate as this job is an Field Job." Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 19: If you intend to rely upon any documents or other tangible items to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible items, and identify all persons having possession, custody or control of them.**

**ANSWER:** Plaintiff objects to the interrogatory to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, Plaintiff intends to rely on the August 5, 2013 email from Kumar Nagdev. Discovery is ongoing and Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 20: To the extent not covered by your answers to the preceding Interrogatories, please state precisely and in detail all facts that support each element of your claims against Defendant and your claimed damages in lawsuit.**

**ANSWER:** Plaintiff objects to the interrogatory to the extent that it seeks to discover any information that is protected by the attorney-client or attorney-work-product privileges. Subject to and without waiving said objections, all of the facts to support Plaintiff's claim against Defendant

and her damages are included in her answers to Defendant's interrogatories. Discovery is ongoing

and Plaintiff reserves the right to supplement this answer.

Respectfully submitted,

J. Andrew Baxter (VSB #78275)
Merritt J. Green (VSB #50995)
Connie M. Ng (VSB #85910)
General Counsel, P.C.
6849 Old Dominion Drive, Suite 220
McLean, Virginia 22101
Tel: 703-556-0411
Fax: 1-888-222-6807
abaxter@gcpc.com
mgreen@gcpc.com
cng@gcpc.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2015, the foregoing Objections was served via U.S.

mail, postage prepaid to the following:


CARL MALONEY P.C.
Tina M. Maiolo, Esquire
2000 L Street, NW
Suite 450
Washington, D.C. 20036


J. Andrew Baxter (VSB #78275)
Merritt J. Green (VSB #50995)
Connie M. Ng (VSB #85910)
General Counsel, P.C.
6849 Old Dominion Drive, Suite 220
McLean, Virginia 22101
Tel: 703-556-0411
Fax: 1-888-222-6807
abaxter@gcpc.com
mgreen@gcpc.com
cng@gcpc.com

I affirm that the foregoing is true and correct to the best of my knowledge.

Dated: October 26, 2015.

10/26/2015

Veronica Kamuki