

2000 L Street, NW, Suite 450 Washington, DC 20036-4907

Offices in Washington, DC  Maryland  Virginia

T: 202-310-5500  F: 202-310-5555  carrmaloney.com

Tina M. Maiolo
(202) 310-5585
tm@carrmaloney.com
Admitted in: VA, DC & MD

November 13, 2015

**VIA REGULAR AND ELECTRONIC MAIL**

J. Andrew Baxter
General Counsel, P.C.
6849 Old Dominion Drive, Suite 220
McLean, Virginia 22101
Abaxter@gcpc.com

RE: *Veronica Kariuki v. eTeam Inc.*
Civil Case No.: 1:15-cv-00934-TSE-JFA

Dear Mr. Baxter:

I write to address deficiencies in Plaintiff Veronica Kariuki's Responses to Defendant eTeam, Inc.'s First Requests for Production of Documents (hereinafter referred to as the "Requests"). This letter is an attempt to resolve any disputes that may exist with regard to the Requests and to confirm that additional documents, information, and items will be provided. If we do not receive responses that are complete, we will be forced to seek the intervention of the court.

Request No. 7 seeks "[a]ll documents to support your contention that Defendant discriminated against you based on your gender." Request No. 16 seeks "[a]ll documents referring or relating to your application for the Field Technician position with Defendant." In response to said Requests, Plaintiff produced hard copy versions of an email dated July 31, 2013 and two emails dated August 5, 2013. "Document," however, is defined, in relevant part, as "any information in any written, record, electronic, or graphic form," "compilations and summaries of information or data," and "electronically stored data." *See* Requests at 2. For this reason, Defendant requests that Plaintiff produce the electronic versions of the aforementioned emails, as well as the credentials to her Gmail account. Defendant further requests that Plaintiff produce and/or make available for inspection the entire hard drive of the computer from which she sent and received the aforementioned emails.

Request No. 11 seeks "[a]ll documents referring or relating to any emotional, psychological or psychiatric conditions you contend you suffer from as a result of the events alleged in your Complaint." Request No. 12 seeks "[a]ll medical records and bills relating to any medical treatment that you have received which you allege was necessary [due] to the actions of Defendants or its agents. With respect to any medical records or bills which are in existence but



EXHIBIT 5

# CARR MALONEY PC

J. Andrew Baxter, Esquire
November 13, 2015
Page 2

not in your physical possession, Defendant requests that you execute an authorization form (a copy of which is attached) for each doctor or hospital where said records exist, to allow Defendant to obtain copies of these records." In response to said Requests, Plaintiff stated that her counsel will submit a HIPPA request. Defendant requests that Plaintiff provide any responsive records or bills to these Requests by November 30, 2015, and that Plaintiff also produce executed authorization forms for each doctor or hospital where any responsive records exist by November 13, 2015.

Request No. 13 seeks "[a]ll personnel and employment records in any way related to your employment for the previous ten years." Plaintiff objected to said Request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. However, the Request seeks documents directly related to Plaintiff's qualifications for the Field Technician position at issue, which is surely relevant to this litigation. Plaintiff also objected to said Request on the basis that it is overbroad and unduly burdensome. However, the Request is limited to Plaintiff's personnel and employment records for the previous ten years, and therefore, is sufficiently limited in scope and time. Moreover, based on Plaintiff's resume, Plaintiff only had four employers over the past ten years. Based on the limited number of Plaintiff's employers over the past ten years, Defendant's Request is not unduly burdensome. Therefore, Defendant reiterates its request that Plaintiff produce all personnel and employment records for the previous ten years.

Finally, Request No. 14 seeks "[a]ll documents reflecting efforts you have made to gain employment since August 5, 2013." Plaintiff responded to said request stating: "Plaintiff applied to jobs through Indeed.com and Monster.com with her resume…." Plaintiff, however, has not produced any documentation demonstrating these applications/efforts. If any such documents exist, whether in electronic or hard copy form, Defendant reiterates its request that Plaintiff produce such documents.

Please let me know by Friday, November 20, 2015 if you intend to rectify these deficiencies, or whether I should begin the process of drafting a motion to compel. I look forward to hearing from you.

Sincerely,

*Tina M. Maiolo*

Tina M. Maiolo