IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| VERONICA KARIUKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:15-cv-00934-TSE-JFA |
| v. | : | |
| | : | |
| ETEAM, INC., | : | |
| | : | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

COMES NOW Plaintiff Veronica Kariuki, by counsel, and for her memorandum in support of her Motion to Compel, states as follows:

I. **Facts**

The case at bar is an employment discrimination case based on gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Plaintiff filed a Complaint at this Court on July 20, 2015. A Rule 16(B) Scheduling Order was prepared on October 13, 2015. Pursuant to such order, the close of Discovery was set for January 15, 2016. Defendant propounded its First Set of Interrogatories and First Request for Production of Documents on September 28, 2015. On October 13, 2015 Plaintiff filed her objections to Defendant's First Set of Interrogatories and First Request for Production of Documents. On October 26, 2015, Plaintiff responded to Defendant's First Interrogatories and First Requests for Production of Documents. On December 2, 15 Plaintiff filed her First Interrogatories and Request for Production of Documents to Defendant. On December 21, 2015 Defendant filed its Objections to Plaintiff's First Request for Interrogatories (**Exhibit 1**) and First Request for Production of Documents (**Exhibit 2**). On January 5, 2016 Defendant filed its

Responses to Plaintiff's First Interrogatories and First Request for Production of Documents. Defendant failed to respond under oath.

On Tuesday January 5, 2016 Counsel for Plaintiff attempted to confer with Counsel for Defendant concerning Defendant's insufficient answers to Plaintiff's Interrogatories and failure to respond to certain Requests for Production. To date, Defendant has not remedied the issues addressed.

II. **Argument**

Rule 33 of the Federal Rules of Civil Procedure requires a party to answer and/or object to interrogatories within thirty (30) days after service of the interrogatories. A shorter or longer time may be directed by the court or in, in the absence of such an order, agreed to in writing by the parties.

Rule 37 of the Federal Rules of Civil Procedure provides a discovering party with an enforcement mechanism when a party fails to make a discovery required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. Additionally, Rule 37(a)(4) treats an evasive or incomplete disclosure, answer or response as a failure to disclosure, answer or respond. Further, Rule 37(5)(A) requires this Court, if the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

A court may grant a party's motion to compel discovery when it finds that the opposition to the motion was not substantially justified and may therefore award the moving party

attorney's fees and costs incurred in bringing the motion. *Hare v. Comcast Cable Communications Management, LLC*, 564 Fed. Appx. 23 (4th Cir. 2014).

In the case at bar, Defendant has failed to adequately respond to Plaintiff's First Request for Interrogatories and First Request for Production of Documents. Therefore, Defendant is afoul of Rule 37. Lastly, Defendant failed to answer Plaintiff's Interrogatories under oath.

**Interrogatories**

1. Plaintiff avers Defendant's response to Interrogatory nos. 2, 3, 5, 6, 7, 9, 11, 12, 13, 14, 16 as incomplete and insufficient.

2. Plaintiff avers Defendant's response to Interrogatory no. 16 as non-responsive and incomplete since the Defendant only responded to Field Technician positions.

3. Plaintiff avers Defendant's response to Interrogatory nos. 17, 18, 19, 20, 21, and 22 as a violation of Federal Rule of Civil Procedure 26(b)(5). Defendant withheld information stating that it was privileged but failed to describe the nature of the documents, communications or tangible things not produced or disclosed.

4. Also, the Federal Rule of Civil Procedure 37(a)(4) requires that a party must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information Rule 37(a)(4). For the above listed numbers, the Defendant failed to do so.

**Request for Production of Documents**

5. Plaintiff avers Defendant's response to Request for Production of Document nos. 1, 2, 4, 5, 7, 8, 10, 11, 12, 17 as a violation of Federal Rule of Civil Procedure 26(b)(5). Defendant withheld information stating that it was privileged but failed to describe the nature of the documents, communications or tangible things not produced or disclosed.

6. Plaintiff avers Defendant's response to Request for Production of Document nos. 6 on the grounds that it was an incomplete and insufficient response.

7. Plaintiff avers Defendant's response to Request for Production of Document nos. 9, 16, 18. 19, 20 as non-responsive, incomplete and insufficient.

8. Also, the Federal Rule of Civil Procedure 37(a)(4) requires that a party must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information Rule 37(a)(4). For the above listed numbers, the Defendant failed to do so.

Thus, Plaintiff is properly asserting her rights pursuant to Rule 37 and moving this Court to compel Defendant's answers and responses. Additionally, Plaintiff proffers that Defendant's failure to answer, object, and/or respond to her discovery was not substantially justified and as a result, an award of reasonable expenses incurred in pursuit of this motion is not unjust.

III. **Conclusion**

WHEREFORE, for the foregoing reasons, Plaintiff moves this Court to compel Defendant to submit responses to Interrogatories within eleven (11) days of the entry of the order, deem Defendant's answers to Plaintiff's Interrogatories nos. 2, 3, 5, 6, 7, 9, 11, 12, 13, 14, 16 as insufficient and incomplete and/or non-responsive and resultantly, a failure to answer, Interrogatory nos. 17, 18, 19, 20, 21, and 22 as a violation of rule 26(b)(5) and a violation of Federal Rule of Civil Procedure 37(a)(4) because the Defendant failed to provide its answers under oath.

WHEREFORE, Plaintiff moves this Court to find Defendants response to Request for Production of Document nos. 1, 2, 4, 5, 7, 8, 10, 11, 12, 17 as a violation of Federal Rule of Civil Procedure 26(b)(5). Defendant's response to Request for Production of Document nos. 6 on the

grounds that it was an incomplete and insufficient. Defendant's response to Request for Production of Document nos. 9, 16, 18. 19, 20 as non-responsive, incomplete and insufficient, and a violation of Federal Rule of Civil Procedure 37(a)(4) for all of the previously listed requests because the Defendant failed to provide its answers under oath.

WHEREFORE, Plaintiff requests that this Court sanction the Defendant for its failure to answer all of the Plaintiff's Interrogatories and Request for Production of Documents under oath, as well as for her costs and attorney's fees expended in bringing this motion. The Plaintiff also requests that this Court deem the Defendant's insufficiency and failure to answer as willful due to the fact that it was fact that it was submitted so close to the end of discovery.

Respectfully submitted,

/s/ J. Andrew Baxter
J. Andrew Baxter (VSB #78275)
Merritt J. Green (VSB #50995)
Connie M. Ng (VSB #85910)
General Counsel, P.C.
6849 Old Dominion Drive, Suite 220
McLean, Virginia 22101
Tel: 703-556-0411
Fax: 1-888-222-6807
abaxter@gcpc.com
mgreen@gcpc.com
cng@gcpc.com
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2016, I filed the foregoing with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all registered users listed below:

Tina M. Maiolo
Carr Maloney P.C.
2020 K Street, NW
Suite 850
Washington, D.C. 20006

          Respectfully submitted,

          /s/ J. Andrew Baxter
          J. Andrew Baxter (VSB #78275)
          Merritt J. Green (VSB #50995)
          Connie M. Ng (VSB #85910)
          General Counsel, P.C.
          6849 Old Dominion Drive, Suite 220
          McLean, Virginia 22101
          Tel: 703-556-0411
          Fax: 1-888-222-6807
          abaxter@gcpc.com
          mgreen@gcpc.com
          cng@gcpc.com
          ***Attorneys for Plaintiff***